**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEKONNEN DANILE,<br><br>                                   Petitioners,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                                   Respondents. | Case No.:  26-cv-0215-BJC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Mekonnen Danile's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1. Respondents have filed a Return, and Petitioner has filed a Traverse.  ECF Nos. 10, 11.

## I.    BACKGROUND

On December 16, 2024, Petitioner, a citizen of Eritrea, entered the United States to seek asylum.  ECF No. 1 at 1. Petitioner was detained at that time and remains in custody at the Otay Mesa Detention Center.

Petitioner alleges that his prolonged detention without a bond hearing violates the Fifth Amendment.  ECF No. 8 at 1.  Petitioner asks that the Court order his immediate release from custody, or alternatively, that this Court hold a custody hearing. If the Court declines to grant those forms of relief, Petitioner requests the Court order a 1226(a) bond

hearing with additional safeguards including: (1) that the IJ may not rest its decision to deny bond on "concerns about interrupting court schedules;" (2) that this Court retain jurisdiction to review the IJ's bond hearing decision to ensure compliance with this Court's order, and (3) that ICE is prohibited "from invoking the automatic stay provisions under 8 C.F.R. § 1003.19(i)(2) to defeat the IJ's bond determination." *Id.* at 16.

## II.  LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.") Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## III.  DISCUSSION

### A. Jurisdiction

Section 1252(g) divests courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  The provision must be read narrowly to address only those actions involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders and does not apply all of the decisions or actions that may be a part of the deportation process." *Ibarra-Perez v. United States,* 154 F.4th 989, 996 (9th Cir. Aug. 27, 2025).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders, but are merely collateral to those, are not subject to section 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492. (1991)).

Here, Petitioner does not seek review of any removal order or merits determination, but instead directly challenge the legality of detention itself. Because challenges to detention without bond are generally collateral to, and do not arise from, the decision to

26-cv-0215-BJC-BJW

commence and adjudicate proceedings§ 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims. See *D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025). Accordingly, the Court retains jurisdiction over the petition for writ of habeas corpus.

### B. Merits

Non-citizens who arrive in the United States at a Port of Entry without valid documentation are considered applicants for admission subject to Section 1225(a)(1). *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). "Detention under 8 U.S.C. § 1225 must comport with due process." *Markov v. LaRos*e, 2026 WL 92069, *2 (S.D. Cal. Jan. 13, 2026). "Nearly all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). Courts must consider various factors when determining whether detention is unreasonable, including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022); see also *Banda v. McAleena*n, 385 F.Supp.3d 1099, 1106 (W.D. Wash. June 12, 2019). A majority of district courts have held that prolonged detention without a bond hearing may run afoul of the Fifth Amendment's due process protections where detention exceeds 11 months. See *Sadeqi v. LaRose*, 2025 WL 3154520, *3 S.D. Cal. Nov. 12, 2025)(collecting cases).

Petitioner's detention since December 16, 2024 -- for over 16 months -- without a bond hearing is unreasonable and violates due process. Accordingly, the Court finds that Petitioner is "entitled to a prompt and individualized bond hearing, at which Respondents must justify [Petitioners'] continued detention by a showing of clear and convincing evidence that Petitioner[s] would likely flee or pose a danger to the community if released." *See generally Sadeqi,* 2025 WL 3154520, *4 (citing *Singh v. Holder,* 638 F.3d 1196, 1203

26-cv-0215-BJC-BJW

(9th Cir. 2011), abrogated on other grounds by *Jennings v. Rodriguez*, 583 U.S. 281, (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond").

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Petitioner's application and **ORDERS** Respondents to conduct a bond hearing where the government shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk **no later than May 1, 2026**.

**IT IS SO ORDERED**.

Dated:  April 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-0215-BJC-BJW